IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ISMAEL LOBOS     PLAINTIFF

v.     CASE NO. 5:15-cv-5007

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration     DEFENDANT

## MEMORANDUM OPINION & ORDER

Currently before the Court is the Report and Recommendation (Doc. 21) ("R & R") of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. The R & R advises the Court to affirm the administrative law judge's ("ALJ") decision to deny social security disability benefits to Plaintiff Ismael Lobos. Lobos filed an Appeal Brief (Doc. 18) on November 30, 2015, Colvin filed an Appeal Brief (Doc. 19) a month later, and Lobos filed a Reply (Doc. 20) on January 11, 2016. The Magistrate Judge issued her R & R on April 1, 2016, and Lobos filed his Objections (Doc. 22) on April 18, 2016. For the reasons stated herein, the Court **DECLINES TO ADOPT** the R & R, and **REMANDS** the case to the ALJ for further consideration consistent with this Order.

### I.     DISCUSSION

The Magistrate Judge aptly sets forth the procedural and factual background of the case in the R & R, see Doc. 21, pp. 1-8, and it need not be fully recounted here. In short, Lobos suffers from a myriad of conditions, the most serious of which are diabetes and hypertension. For many years prior to November of 2011, Lobos was employed by Cargill, Inc. as a poultry line worker. Initially, his job consisted of deboning poultry.

1

Towards the end of his tenure at Cargill, however, he was transferred to gizzard cutter—a position that is apparently less strenuous than poultry deboner. On November 3, 2011, Cargill terminated Lobos after issuing him three previous written warnings because his performance level did not meet expectations. Lobos filed his application for disability benefits on December 14, 2011, and an administrative hearing was held by ALJ Burton on April 29, 2013. On August 2, 2013, ALJ Starr issued a written decision denying Lobos's claim. The Appeals Council denied Lobos's request for a review on November 4, 2014, and he filed his Complaint (Doc. 1) in this Court on January 6, 2015.

Lobos's Appeal Brief sets out five objections to the ALJ's decision, but this Opinion only needs to focus on one: Lobos's argument that the ALJ erroneously found that he was capable of performing his past relevant work. In adjudicating a claim for disability insurance benefits, an ALJ must follow a five-step sequential evaluation process mandated by the Social Security Act's implementing regulations. *See* 20 CFR 404.1520(a)(4). Relevant to this Opinion is the fourth step in that process, which requires the ALJ to assess a claimant's "residual functional capacity" ("RFC") to determine whether he can still perform his "past relevant work." *Id.* at (a)(4)(iv). 20 CFR 404.1545(a)(1) describes the RFC assessment as follows:

> Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record.

The regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 CFR 404.1560(b)(1).

2

The ALJ concluded that Lobos's RFC was consistent with the ability to perform light work. (Doc. 1-2, p. 15). Then, based on a vocational expert's testimony that poultry deboning is classified in the Dictionary of Occupational Titles as light work, he concluded that Lobos's RFC allowed him to perform his past relevant work. *Id.* at 16. It is this conclusion with which the Court disagrees.

The Court is mindful of the deferential nature of its review. As the R & R accurately stated, its role "is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." (Doc. 21, p. 8 (citing *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002))). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). "In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In determining Lobos's RFC, the written decision by ALJ Starr recited Lobos's medical history, claimed impairments, and credibility in tremendous detail. However, when the decision turned to the second half of step four of the evaluation process— determining whether a claimant's RFC allows him to perform his past relevant work—its analysis was practically bare. The ALJ's decision simply compared Lobos's categorized RFC, "light work," to his past relevant work's equivalent categorization, and drew a conclusion based on that comparison. (Doc. 1-2, p. 16). While this sort of formulaic approach may suffice in some cases, it does not in this one. This is so for two reasons.

3

First, the record contains incredibly strong evidence that Lobos could not perform his past relevant work. In fact, Lobos was terminated from his position at Cargill *because he could not perform the work*. (Doc. 23, p. 240 (notice of termination indicating three prior warnings for performance issues, and stating "[f]ailure to meet performance expectations is resulting in termination")). Prior to his termination, moreover, Lobos was transferred from his previous position of poultry deboner to the apparently less strenuous position of gizzard cutter. (Doc. 23, pp. 50-51). Since Lobos was terminated for being incapable of performing the easier gizzard-cutting position, it was unreasonable to conclude—without explanation—that he was capable of deboning poultry, even if the latter is categorized as light work.

Second, and related to the categorization of poultry deboning as light work, is the vocational expert's testimony at the April 29, 2013 hearing. That testimony establishes that poultry deboning is "light work" in name only.

> Q: Most of the jobs [at the poultry processing plants], especially handling knives and that sort of a thing, is that something that you would ordinarily expect that they would employ people up into their 50's and beyond or so they—is it something that—it's classified as light, but the repetitiveness of it and the constancy of standing, is it fairly physically difficult work?
>
> A: Yes, it is. It's, it's very repetitive, fast paced and it, it does require good hand and eye coordination, particularly if you would have, if a hypothetical person had a visual issue, that would affect their pace and their, their tempo of being able to do that work and especially with the, with the knives as sharp as they are, and the saws. . . .
>
> Q: I understand [Lobos] to say that they got rid of him because of his age. I, I suspect that that was not, not the situation. I really suspect it was the inability to perform the task in a timely, consistent manner.
>
> A: But it is a very physical job, especially if you have done it, a repetitive job over . . . an extended period of time in terms of years, and I think that's what we're talking about here. . . .

4

*Id.* at 58-59. The ALJ's written decision did not consider this testimony, rendering its comparison of Lobos's RFC to a job with a light-work classification largely erroneous. The ALJ should have compared Lobos's RFC to a job that was "fairly physically difficult," "very repetitive," and "fast paced," or explained why the vocational expert's testimony was not credible. *Id.*[1]

Given these infirmities, the ALJ's conclusion that Lobos's RFC allowed him to perform his past relevant work lacked substantial evidence. "[T]he ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [him]self is capable of doing before [the ALJ] determines that [the claimant] is able to perform [his] past relevant work." *Nimick v. Sec'y of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989) (emphasis in original). The ALJ did not properly fulfill this duty in this case. *Cf. id.* at 868 ("Even if we agree with the ALJ that Ms. Nimick's daily activities suggest she can do 'light work,' that does not assist us in determining if she can perform as a machine operator if we do not know what the demands of that job are.").

Mr. Lobos had previously been terminated from his job because he could not perform it, and the vocational expert's testimony indicated that his job was not truly "light work." In light of these facts, the Court finds that Lobos's RFC does not allow him to perform his past relevant work, and that his claim survives the fourth step of the 20 CFR

---

[1] While it bears mentioning that the pertinent question at step four is not whether the claimant's RFC allows him to perform his specific prior job, but whether it allows him to perform that *type* of work, *see Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir. 1990), there is no evidence in the record that poultry deboning is generally less physically demanding than it was at Cargill. If anything, the vocational expert's testimony indicates that Lobos's experience at Cargill was par for the course, since that testimony is phrased in the general, not in the specific.

404.1520 evaluation. Because ALJ Starr found otherwise, his analysis did not continue to the fifth step of the evaluation. The fifth step requires the ALJ to consider Lobos's RFC, age, education, and work experience to determine whether he can make an adjustment to other work. *See* 20 CFR 404.1520(a)(4)(v). The Court finds it appropriate to remand this case for consideration of the fifth step of the sequential evaluation.

## II.   CONCLUSION

For the reasons stated herein, the Court **DECLINES TO ADOPT** the Magistrate Judge's R & R and **REMANDS** the case to the ALJ for further consideration consistent with this Order.

**IT IS SO ORDERED** on this 22nd day of June, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6